IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08-30022 |
| | ) | |
| DAVID HAYNES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This matter comes before the Court on Defendant David Haynes'

Motion for Retroactive Application of Sentencing Guidelines to Crack

Cocaine Offense (d/e 20).  Defendant has also requested counsel be

appointed to represent him (d/e 23).  Defendant's request for appointed

counsel (d/e 23) is DENIED.  Because Defendant was sentenced to the

statutory mandatory minimum, he is not eligible for a reduced sentence

under 18 U.S.C. § 3582(c)(2).  Therefore, Defendant's Motion for

Retroactive Application of the Sentencing Guidelines to Crack Cocaine

Offense (d/e 20) is DISMISSED for lack of subject-matter jurisdiction.

BACKGROUND

In August 2008, Defendant pleaded guilty to being a felon in possession of a firearm (Count 1) and possessing five or more grams of cocaine base (crack) with the intent to distribute (Count 2). 18 U.S.C. § 922(g); 21 U.S.C. § 841(a)(1), (b)(1)(B). At Defendant's December 2008 sentencing hearing, the district court held Defendant accountable for 5.1 grams of crack. This resulted in a base offense level of 24. After a two-level increase for possession of a dangerous weapon and a three-level adjustment for acceptance of responsibility, Defendant's final offense level was 23. With a criminal history of VI, Defendant's guideline range was 92 to 115 months on Count 2.

Despite that guideline range, however, Defendant was subject to a statutorily required minimum sentence of 10 years on Count 2. 21 U.S.C. § 841(b)(1)(B) (2008). Therefore, Defendant's guideline range was 120 months, and Defendant was sentenced to 120 months on Count 2. See United States Sentencing Guidelines (U.S.S.G.) § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the

maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence").

On August 1, 2011, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 20). Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On November 1, 2011, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant. Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline because Defendant was sentenced to the statutory mandatory minimum sentence of 120 months' imprisonment. On November 2, 2011, this Court granted Hawley leave to withdraw and granted Defendant until December 7, 2011 to supplement his motion or file a new motion for a reduced sentence.

Although Defendant did not subsequently supplement his motion,

he had previously filed two letters, one on October 19, 2011 (d/e 21) and one on November 2, 2011 (d/e 23). In the October letter, Defendant asserted he was eligible for a reduction in sentence. In the November 2011 letter, Defendant asked for appointed counsel and asked that he be resentenced under the Fair Sentencing Act of 2010.

## ANALYSIS

In 2010, Congress passed the Fair Sentencing Act of 2010 (Act), which amended 21 U.S.C. § 841(b)(1) by, among other things, raising the amount of crack that mandated minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b)(1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). As is relevant to Defendant, the Act raised the amount of crack that triggers the mandatory 120 months minimum from 5 grams to 28 grams. See 21 U.S.C. § 841(b)(1)(B) (providing for a ten-year minimum for violations involving 28 grams of crack and "[i]f any such person commits such a violation after a prior conviction for a felony drug offense has become final"). However, the Seventh Circuit has held that the Act does not

apply retroactively.  United States v. Bell, 624 F.3d 803, 814-15 (7th

Cir. 2010).  Therefore, the amendment in the Act does not entitle

Defendant to a reduction in his sentence.

The Act directed the United States Sentencing Commission to

amend the Federal Sentencing Guidelines "'to achieve consistency with

other guideline provisions and applicable law.'" United States v. Perez,

2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-

220 at § 8, 124 Stat. at 2374.  The Sentencing Commission amended the

Sentencing Guidelines by reducing the base offense levels for specific

quantities of crack cocaine.  See Amendment 750.  For example, when

Defendant was sentenced, the Guidelines provided for a base offense

level of 24 for more than 5 grams and less than 20 grams of crack.  See

U.S.S.G. § 2D1.1(c)(8) (2008) (drug quantity table–more than 5 grams

and less than 20 grams of crack results in a base offense level of 24).

Under the amended Guidelines, Defendant's base offense level for 5.1

grams of crack would be 16.  See U.S.S.G. § 2D1.1(c)(12) (2011) (drug

quantity table–at least 2.8 grams but less than 5.6 grams of crack results

in a base offense level of 16); see also DePierre v. United States, 131 S. Ct. 2225, 2229 (2011) (noting that under the Guidelines, "the offense levels for drug crimes are tied to the drug type and quantity involved").

However, Defendant is not entitled to the benefit of this reduction because he was sentenced to the statutory mandatory  minimum sentence.

A district court has "limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Section 3582 of the United States Code permits a court to modify a previously imposed term of imprisonment where (1) where the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  If the defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request.  United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

In this case, Defendant's sentencing range was not subsequently

lowered by the Sentencing Commission. At sentencing, Defendant's

guideline range was 92 to 115 months on Count 2. Because Defendant

was subject to the statutory mandatory minimum sentence of 120

months on Count 2, that term– 120 months– became his sentencing

range. See, e.g., U.S.S.G. § 5G1.1(b) ("Where a statutorily required

minimum sentence is greater than the maximum of the applicable

guideline range, the statutorily required minimum sentence shall be the

guideline sentence"). The Sentencing Commission did not subsequently

lower that sentencing range, which was based on the statutory mandatory

minimum sentence. Although the Act amended the statutory mandatory

minimum sentences, the Act does not apply retroactively. Bell, 624 F.3d

at 814-15.

This result, while unfortunate, is in accord with Seventh Circuit

precedent and the Sentencing Guidelines. See United States v. Poole,

550 F.3d 676, 679 (7th Cir. 2008) (finding the defendant was not

entitled to a sentence reduction under § 3582(c)(2) because the

defendant's sentence was based on the statutory minimum sentence and

not on the range the Commission subsequently lowered (Amendment

706 pertaining to crack cocaine sentences)); See United States v.

Monroe, 580 F.3d 552, 559-60 (7th Cir. 2009) ("The 'starting point' for

Mr. Monroe's sentence was the statutory, mandatory minimum sentence;

that minimum sentence was not reduced or otherwise affected by

Amendment 706, which impacted only Mr. Monroe's base offense level,

not his 'sentencing range.'"); U.S.S.G. § 1B1.10 cmt. n. 1(A) ("[A]

reduction in the defendant's term of imprisonment is not authorized

under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy

statement if: . . . the amendment does not have the effect of lowering the

defendant's applicable guideline range because of the operation of

another guideline or statutory provision (e.g. a statutory mandatory

minimum term of imprisonment)); See also, e.g., Martin v. United

States, 2011 WL 5507423, at *17 (E.D.N.Y. 2011) (finding that the

defendant was not eligible for a reduction in sentence under § 3582(c)(2)

because his sentencing range was based on the statutory mandatory

minimum sentence).

Because Defendant was not sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not entitled to a reduction under § 3582(c)(2). This Court lacks subject-matter jurisdiction to consider the reduction request. <u>Forman</u>, 553 F.3d at 588.

This Court also denies Defendant's second request for appointed counsel. (d/e 23). There is no right to counsel when bringing a motion under 18 U.S.C. §3582(c)(2). <u>See</u> <u>Forman</u>, 553 F.3d at 590. Moreover, Defendant is not entitled to another appointment of counsel on the same matter. <u>See</u> <u>United States v. Dickerson</u>, 2008 WL 4330187, at *2 (C.D. Ill. 2008) (where counsel was appointed and granted leave to withdraw once it became apparent the motion had no merit, the defendant was not entitled to another appointment of counsel on the same matter).

## CONCLUSION

For the reasons stated, Defendant's second request for appointed counsel (d/e 23) is DENIED and Defendant's Motion  for Retroactive

Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 20)

is DISMISSED for lack of subject-matter jurisdiction.

ENTERED: December 9, 2011

FOR THE COURT:

s/ Sue E. Myerscough

SUE E. MYERSCOUGH

UNITED STATES DISTRICT JUDGE